EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
MANUEL ACEVEDO, acusado y apelante.

No. 3827.—*Sometido:* Noviembre 7, 1929. *Resuelto:* Diciembre 23, 1929.

*E. Martínez Avilés,* abogado del apelante; *R. A. Gómez,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Esta causa comenzó por una denuncia presentada en la Corte Municipal de Utuado que, en lo pertinente, dice:

" . . . formulo denuncia contra Manuel Acevedo, vecino de Camuy, Puerto Rico, por delito Infracción Sec. 5 de la Ley No. 19 de 1923, enmendada por la No. 100 de 1925 y por la No. 24 de abril 23 de 1927, cometido de la manera siguiente: Que en julio de 1928, y en Utuado, del Distrito Judicial de Arecibo, Puerto Rico, el acu-sado Manuel Acevedo, no siendo un agricultor, voluntaria y maliciosamente dejó de pagar los derechos de inspección de tabaco ascendentes a \$174.00 correspondientes a 543 bultos con 87,144 lbs. de tabaco que vendió y despachó durante el mes de julio de 1928, derechos de inspección que debieron ser pagados según lo dispone la citada Ley y en el tiempo señalado en los Reglamentos vigentes, de junio 1 de 1927, promulgado al efecto por el Tesorero de Puerto Rico, . . . "

Dictada sentencia condenatoria en la corte municipal, el acusado apeló para ante la de Distrito de Arecibo y en ella alegó que los hechos que se le imputaban no eran constitutivos de delito. Declarada sin lugar la excepción se celebró el juicio de nuevo y la corte condenó al acusado a pagar cien dólares de multa y en defecto de pago a sufrir un día de cárcel por cada dólar dejado de satisfacer.

No conforme aún el acusado apeló para ante la Corte Suprema, sosteniendo como único error el cometido a su juicio por la corte al resolver la excepción previa.

Conocemos los hechos imputados al acusado. La ley infringida (Leyes 1927, p. 161) dice:

"Sección 5.—La estampa de garantía se suministrará gratis y solamente se cobrará un derecho de inspección en la forma siguiente: Todo fabricante, traficante o despalillador de tabaco en Puerto Rico, que usare, vendiere, o despachare tabaco, sea cual fuere la procedencia de éste, pagará un derecho de inspección de veinte (20) centavos por cada cien libras de tabaco o fracción de cien que hubiere usado, vendido o despachado durante el mes.

"Los agricultores de tabaco estarán exentos de las disposiciones de esta Ley, siempre que el tabaco sea cosechado por ellos y vendido en su forma original, puesto en fardos al ser retirado de las estibas,

pero si éste es sometido al proceso de clasificación y empaque o al despalillado, entonces quedarán sujetos al estricto cumplimiento de esta Ley.

"Estos derechos serán pagados en sellos especiales en la forma que el Tesorero de Puerto Rico prescribiere en sus reglamentos.

"Todo fabricante, traficante o despalillador de tabaco u otra persona que de acuerdo con las disposiciones de esta Ley estuviere obligado al pago de los derechos de inspección por la misma establecidos, y que dejare de pagar éstos en el tiempo y en la forma que el Tesorero de Puerto Rico prescribiere por reglamentos será responsable de un delito menos grave (*Misdemeanor*) . . ."

Y el acusado sostiene que no alegándose en la denuncia que él fuera un traficante de tabaco, no se le imputa el delito que la ley prevé y castiga.

No estamos conformes. La ley exime a los agricultores y en la denuncia se va tan lejos como alegar la negativa, esto es, que el acusado no es agricultor. La ley castiga a "todo fabricante, traficante o despalillador de tabaco u otra persona" que cometiere el acto que prohibe. Es cierto que en la denuncia no se alega expresamente que el acusado sea *fabricante, traficante o despalillador,* pero sí se alega que es la *otra persona* que tuvo en mente la ley, ya que se dice: "Manuel Acevedo, vecino de Camuy, P. R.," una persona, "voluntaria y maliciosamente dejó de pagar los derechos de inspección de tabaco ascendentes a $174.40 correspondientes a 543 bultos con 87,144 libras de tabaco que vendió . . ."

Fué precisamente para comprender sin distingos de ningún género casos como el del acusado que se amplió el párrafo cuarto de la citada sección 5 de la ley infringida, que es el en que se establece la penalidad. La otra persona de que habla dicho párrafo, por sus propios actos se convierte en traficante y por lo tanto en uno de los traficantes a que se refiere el párrafo primero. De otro modo podría suscitarse la cuestión de si el traficante penado por la ley era únicamente el que se dedica regularmente a tal negocio cumpliendo con todos los requisitos que la ley y los reglamentos sobre la

materia exigen, colocando así a la persona que cumple sus deberes en peores condiciones que la que elude cumplirlos.

El ejercicio del comercio es libre. La Legislatura puede regular ese ejercicio pero no puede prohibir que una persona, por ejemplo, venda a otra una partida de tabaco. Ahora bien, como sería injusto que las reglas que imponen el pago de ciertos derechos de inspección fueran cumplidas únicamente por los traficantes regulares que llevan libros sujetos a ser examinados, y no por los que realizan el mismo acto ocasionalmente, la Legislatura puede imponer el pago del derecho lo mismo al traficante de ocasión que al regular y someterlo a la pena que lleva consigo la violación de la ley.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Texidor no intervino.